1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11   DONALD WAYNE WEAVER, JR.,              No.  1:23-cv-01316-SAB (PC)

12                  Plaintiff,              ORDER DIRECTING CLERK OF COURT TO
                                            RANDOMLY ASSIGN A DISTRICT JUDGE
13           v.                             TO THIS ACTION

14   WARDEN,                                FINDINGS AND RECOMMENDATIONS
                                            RECOMMENDING DISMISSAL OF ACTION
15                  Defendant.
                                            (ECF No. 7)
16

17

18           Plaintiff is proceeding pro se and in forma pauperis in this action filed pursuant to 42

     U.S.C. § 1983.

19
             Plaintiff's complaint in this action was filed on September 5, 2023.  (ECF No. 1.)
20
            On October 30, 2023, the Court screened the complaint, found that Plaintiff failed to state a
21
     cognizable claim for relief, and granted Plaintiff thirty days to file an amended complaint.  (ECF
22
     No. 6.)
23
             Plaintiff failed to file an amended complaint or otherwise respond to the October 30, 2023
24
     order.  Therefore, on December 11, 2023, the Court issued an order for Plaintiff to show cause
25
     why the action should not be dismissed.  (ECF No. 7.)  Plaintiff has failed to respond to the order
26
     to show cause and the time to do so has now passed.  Accordingly, dismissal of the action is
27
     warranted.
28

                                                    1

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see also 28 U.S.C. § 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

**II.**

**SUMMARY OF ALLEGATIONS**

The Court accepts Plaintiff's allegations in his complaint as true *only* for the purpose of the screening requirement under 28 U.S.C. § 1915.

1    Plaintiff names Warden John Doe of Valley State Prison (VSP) as the sole Defendant.

2    The Warden at VSP does not allow Wiccan services, and Plaintiff wrote to the Warden in

3    August.  As a result, Plaintiff is not being allowed to practice his religion at VSP.

4    Plaintiff seeks a declaratory order, punitive damages, and any other relief the Court deems

5    appropriate.

6                                          **III.**

7                                     **DISCUSSION**

8    **A.    Free Exercise of Religion**

9    "The right to exercise religion practices and beliefs does not terminate at the prison door,"

10   McElyea v. Babbitt, 833 F.2d 196, 197 (9th Cir. 1987) (per curiam) (citing O'Lone v. Shabazz,

11   482 U.S. 342 (1987); Bell v. Wolfish, 441 U.S. 520, 545 (1979)), "but a prisoner's right to free

12   exercise of religion 'is necessarily limited by the fact of incarceration.' " Jones v. Williams, 791

13   F.3d 1023, 1032 (9th Cir. 2015) (quoting Ward v. Walsh, 1 F.3d 873, 876 (9th Cir. 1993)).

14   To state a cognizable Free Exercise claim, an inmate must state facts showing that prison

15   officials substantially burdened the practice of the prisoner's religion without any justification

16   reasonably related to legitimate penological interests. See O'Lone, 482 U.S. at 348-50 (applying

17   the test set forth in Turner v. Safley, 482 U.S. 78 (1987)); Jones v. Williams, 791 F.3d 1023,

18   1031-33 (9th Cir. 2015); Shakur v. Schriro, 514 F.3d at 884-88. A substantial burden is one

19   which has a tendency to coerce individuals into acting contrary to their religious beliefs or exert

20   substantial pressure on an adherent to modify his behavior and to violate his beliefs. Jones, 791

21   F.3d at 1031.

22   Plaintiff names the Warden at VSP, who holds a supervisory position, as a Defendant.  A

23   supervisor is only liable for the constitutional violations of ... subordinates if the supervisor

24   participated in or directed the violations, or knew of the violations and failed to act to prevent

25   them. Liability may not be imposed under a theory of respondeat superior, and there must exist

26   some causal connection between the conduct of each named defendant and the violation at issue.

27   Iqbal, 556 U.S. at 676-77; Lemire v. California Dep't of Corr. and Rehab., 726 F.3d 1062, 1074-

28   75 (9th Cir. 2013); Lacey v. Maricopa County, 693 F.3d 896, 915-16 (9th Cir. 2012) (en banc);

                                          3

1    Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011).

2        Here, Plaintiff has alleged that he of the Wiccan faith, and therefore implicates the free

3 exercise clause. Plaintiff alleges that he was denied the opportunity to participate in Wiccan

4 services at VSP.  However, to state a free exercise claim, Plaintiff must allege facts showing that

5 his religious practice was "substantially" burdened, and that it was more that the failure to offer

6 such services to him. Nor has he alleged that the failure to provide such services was not

7 reasonably related to legitimate penological interests. Plaintiff fails to allege facts in the

8 complaint showing how Defendant Warden at VSP personally and individually acted against him,

9 substantially burdening his practice of religion.  Therefore, Plaintiff fails to state a claim that his

10 rights to freely exercise his religion under the First Amendment were violated.

11        **B.**       **Religious Land Use and Institutionalized Persons Act**

12        Section 3 of RLUIPA "relates to religious exercise by institutionalized persons" and

13 "provides that '[n]o [state or local] government shall impose a substantial burden on the religious

14 exercise of a person residing in or confined to an institution,' unless the government shows that

15 the burden furthers 'a compelling governmental interest' and does so by 'the least restrictive

16 means.' " Cutter v. Wilkinson, 544 U.S. 709, 715 (2005) (quoting 42 U.S.C. § 2000cc-1(a)(1)-

17 (2)).

18        Thus, a claim under RLUIPA is similar to a First Amendment claim in that the plaintiff

19 must initially demonstrate that the defendant's actions "constitute a substantial burden on the

20 exercise of his religious beliefs." Warsoldier v. Woodford, 418 F.3d 989, 994 (9th Cir. 2005).

21 "The RLUIPA substantial-burden test is the same as that used under the First Amendment."

22 Sprouse v. Ryan, 346 F. Supp. 3d 1347, 1357 (D. Ariz. 2017). However, "RLUIPA defines

23 'religious exercise' to include 'any exercise of religion, whether or not compelled by, or central

24 to, a system of religious belief.' " Greene v. Solano Cty. Jail, 513 F.3d 982, 986 (9th Cir. 2008)

25 (quoting 42 U.S.C. § 2000cc-5).  RLUIPA therefore "bars inquiry into whether a particular belief

26 or practice is 'central' to a prisoner's religion." Cutter, 544 U.S. at 725 n.13. "[T]he availability of

27 alternative means of practicing religion" is not "a relevant consideration," because "RLUIPA's

28 'substantial burden' inquiry asks whether the government has substantially burdened religious

1    exercise ... not whether the RLUIPA claimant is able to engage in other forms of religious

2    exercise." Holt v. Hobbs, 574 U.S. 352, 361-62 (2015) (finding that prison's policy banning

3    beards substantially burdened Muslim prisoner's exercise of his religion, even though the prisoner

4    "had been provided a prayer rug and a list of distributors of Islamic material").

5            If the plaintiff demonstrates a substantial burden, RLUIPA imposes a "much stricter

6    burden" than the First Amendment. Greene, 513 F.3d at 986; see also Warsoldier, 418 F.3d at 994

7    (noting that in RLUIPA, "Congress ... replac[ed] the 'legitimate penological interest' standard

8    articulated in Turner"). Once the plaintiff has "met his burden of showing that the ... policy

9    substantially burdened his exercise of religion, the burden shift[s] to the [defendants] to show

10   that" the policy: "(1) [was] in furtherance of a compelling governmental interest; and (2) [was]

11   the least restrictive means of furthering that compelling governmental interest." Holt, 574 U.S. at

12   362 (quoting 42 U.S.C. § 2000cc-1(a)).

13           RLUIPA does not allow a plaintiff to recover damages, only injunctive relief. Jones v.

14   Williams, 791 F.3d 1023, 1031 (9th Cir. 2015) (citing Sossamon v. Texas, 563 U.S. 277 (2011)

15   and Wood v. Yordy, 753 F.3d 899, 903-04 (9th Cir. 2004)). A RLUIPA claim may not be

16   maintained against prison officials in their individual capacities. Wood, 753 F.3d at 904 ("[T]here

17   is nothing in the language or structure of RLUIPA to suggest that Congress contemplated liability

18   of government employees in an individual capacity.... If an individual acts under color of state

19   law to burden a plaintiff's rights to religious exercise, the plaintiff can sue the government. The

20   statute does not authorize suits against a person in anything other than an official or government

21   capacity....").

22           Here, Plaintiff has failed to allege facts establishing that Defendant Warden at VSP

23   substantially burdened the practice of his religion by preventing him from engaging in conduct

24   mandated by his faith. Plaintiff has not plausibly alleged how Defendant has placed a substantial

25   burden on his religious exercise, and how, if at all, the conduct alleged "prevented him from

26   fulfilling the commandments" of his religion. At most, the factual allegations allege that he is of

27   Wiccan faith.  Accordingly, Plaintiff fails to state a cognizable claim under RLUIPA.

28   ///

1

**IV.**

2

**FAILURE  TO OBEY COURT ORDER AND FAILURE TO PROSECUTE**

3       Here, the Court screened Plaintiff's complaint, and on October 30, 2023, an order issued

4    providing Plaintiff with the legal standards that applied to his claims, advising him of the

5    deficiencies that needed to be corrected, and granting him leave to file an amended complaint

6    within thirty days.  (ECF No. 6.)  Plaintiff did not file an amended complaint or otherwise respond

7    to the Court's October 30, 2023 order.  Therefore, on December 11, 2023, the Court ordered

8    Plaintiff to show cause within fourteen (14) days why the action should not be dismissed.  (ECF

9    No. 7.)  Plaintiff failed to respond to the December 11, 2023 order and the time to do so has passed.

10       Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules

11    or with any order of the Court may be grounds for imposition by the Court of any and all sanctions

12    . . . within the inherent power of the Court."  The Court has the inherent power to control its docket

13    and may, in the exercise of that power, impose sanctions where appropriate, including dismissal

14    of the action.  Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000).

15       A court may dismiss an action based on a party's failure to prosecute an action, failure to

16    obey a court order, or failure to comply with local rules.  See, e.g. Ghazali v. Moran, 46 F.3d 52,

17    53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d

18    1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order to file an amended

19    complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply

20    with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. United

21    States Postal Serv., 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court

22    order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of

23    prosecution and failure to comply with local rules).

24       "In determining whether to dismiss an action for lack of prosecution, the district court is

25    required to consider several factors: '(1) the public's interest in expeditious resolution of litigation;

26    (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public

27    policy favoring disposition of cases on their merits; and (5) the availability of less drastic

28    sanctions.' "  Carey, 856 F.2d at 1440 (quoting Henderson, 779 F.2d at 1423).  These factors guide

1    a court in deciding what to do, and are not conditions that must be met in order for a court to take

2    action.  In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226 (9th

3    Cir. 2006) (citation omitted).

4           In this instance, the public's interest in expeditious resolution of the litigation and the

5    Court's need to manage its docket weigh in favor of dismissal.  In re Phenylpropanolamine (PPA)

6    Products Liability Litigation, 460 F.3d at 1226.  Plaintiff was ordered to file an amended complaint

7    within thirty days of October 30, 2023 and has not done so.  Plaintiff's failure to comply with the

8    order of the Court by filing an amended complaint hinders the Court's ability to move this action

9    towards disposition.  This action can proceed no further without Plaintiff's compliance with the

10   order and his failure to comply indicates that Plaintiff does not intend to diligently litigate this

11   action.

12          Since it appears that Plaintiff does not intend to litigate this action diligently there arises a

13   rebuttable presumption of prejudice to the defendants in this action.  In re Eisen, 31 F.3d 1447,

14   1452-53 (9th Cir. 1994).  The risk of prejudice to the defendants also weighs in favor of dismissal.

15          The public policy in favor of deciding cases on their merits is greatly outweighed by the

16   factors in favor of dismissal.  It is Plaintiff's responsibility to move this action forward.  In order

17   for this action to proceed, Plaintiff is required to file an amended complaint curing the deficiencies

18   in the operative pleading.  Despite being ordered to do so, Plaintiff did not file an amended

19   complaint or respond to the order to show cause and this action cannot simply remain idle on the

20   Court's docket, unprosecuted.  In this instance, the fourth factor does not outweigh Plaintiff's

21   failure to comply with the Court's orders.

22          Finally, a court's warning to a party that their failure to obey the court's order will result

23   in dismissal satisfies the "consideration of alternatives" requirement.  Ferdik, 963 F.2d at 1262;

24   Malone, 833 F.2d at 132-33; Henderson, 779 F.2d at 1424.  The Court's October 30, 2023, order

25   requiring Plaintiff to file an amended complaint expressly stated: "If Plaintiff fails to file an

26   amended complaint in compliance with this order, the Court will recommend to a district judge

27   that this action be dismissed consistent with the reasons stated in this order."  (ECF No. 6.)  In

28   addition, the Court's December 11, 2023, order to show cause specifically stated: "Plaintiff's

7

1   failure to comply with this order will result in a recommendation to dismiss the action for the

2   reasons stated above." (ECF No. 7.) Thus, Plaintiff had adequate warning that dismissal would

3   result from her noncompliance with the Court's order.

**V.**

**ORDER AND RECOMMENDATION**

6   The Court has screened Plaintiff's complaint and directed Plaintiff to file an amended

7   complaint within thirty days.  Plaintiff has failed to comply with the Court's order to file an

8   amended and has not responded to the Court's order to show why the action should not be

9   dismissed.  In considering the factors to determine if this action should be dismissed, the Court

10   finds that this action should be dismissed for Plaintiff's failure to obey the October 30, 2023 and

11   December 11, 2023 orders, failure to prosecute this action, and failure to state a cognizable claim

12   for relief.

13   Accordingly, it is HEREBY ORDERED that the Clerk of Court shall randomly assign a

14   District Judge to this action.

15   Further, it is HEREBY RECOMMENDED that this action be dismissed for Plaintiff's

16   failure to comply with a court orders, failure to prosecute, and failure to state a cognizable claim

17   for relief.

18   These Findings and Recommendations will be submitted to the United States District

19   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen**

20   **(14) days** after being served with these Findings and Recommendations, Plaintiff may file written

21   objections with the Court.  The document should be captioned "Objections to Magistrate Judge's

22   Findings and Recommendations."  Plaintiff is advised that failure to file objections within the

23   ///

24   ///

25

26   specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834,

27   838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

28

1    IT IS SO ORDERED.

2    Dated:    **January 4, 2024**

3                                                    UNITED STATES MAGISTRATE JUDGE